**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:26-cv-00618-SPM |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs.  Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

### 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of this Court's files indicates that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim.  *See Ware v. Foley, et*

*al.*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr., et al.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1983(g)); *Ware v. Galibert, et al.*, No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (dismissing Plaintiff's action under § 1915(g)). Therefore, the Court cannot permit Plaintiff to proceed *in forma pauperis* absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Missouri Department of Corrections. Plaintiff brings seven claims, alleging: (1) Plaintiff was locked up as a punishment for reporting a CO to a supervisor; (2) a CO directed another CO to lockup because the first CO had asked staff for an identification card; (3) a CO stated "Mr. Ware you're welcome (I believe)!!" to embarrass Plaintiff; (4) COs sorted through legal material in a green folder and called Plaintiff a "lawsuit queen;" (5) CO French tried to assault Plaintiff with words, called him a snitch and made rat sound effects; (6) "Sgt. Boyles attempted to[] lock up for CDV written by CSO Bread after (informal sanction given 2-hour on bench) (I believe) a manipulation tactic to keep Level 5 violating process of ethics!! Attempted to 'FORCE' CSO Bread to cuff up and take to HU-2;" and (7) "Sgt Rick assigned to HU5 violating investigation that should've been acknowledged 4-16-26." Doc. [1] at 8-9.

For relief, Plaintiff seeks immediate release from prison. He handwrites 48 pages of various other forms of relief he seeks, including concerts, $9 million gift cards to various stores, an unlimited budget at high-end retailers, the establishment of royal kingdoms "adding $999 billion to profit organization(s)," "Bently gift cards with $700k for every inmate upon exiting E.R.D.C.C. facility and others," clothing, jewelry, etc. *Id.* at 10-28, 30-61.

**Discussion**

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule.  The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).  Plaintiff has not alleged he faces any imminent danger.

Viewed in the light most favorable to Plaintiff, the Court does not find an imminent danger of serious physical injury sufficient to avoid the three-strikes bar.  Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs.  Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

**Motion to Appoint Counsel**

Plaintiff also has filed a motion to appoint counsel.  Doc. [4].  The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts,

the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 statutory filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  Doc. [4]

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this  28th day of  April, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 4 -